NAZGOLE HASHEMI, SBN 291711
nhashemi@legalaxxis.com
TANNAZ HASHEMI, SBN 296640
thashemi@legalaxxis.com
LegalAxxis, Inc.
1999 Avenue of the Stars
Suite 1100
Century City, CA 90067
Phone: (310) 855-4049
Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### Southern Division

| | |
|---|---|
| Hassan H. Hashemi, *an individual*, | CASE NO.: 8:14-CV-01184 |
| Plaintiff, | **COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF** |
| vs. | |
| Board of Trustees of the California State University, *a state educational institution*, & Raman Unnikrishnan, *an individual*, | |
| Defendants. | |

Plaintiff, DR. HASSAN H. HASHEMI (hereinafter "Plaintiff"), by and through his Attorneys, files this Complaint against Defendants, BOARD OF TRUSTEES OF THE CALIFORNIA STATE UNIVERSITY and DR. RAMAN UNNIKRISHNAN (hereinafter individually "CSU" and "Dr. Unnikrishnan," respectively, and collectively "Defendants"), for damages and injunctive relief and alleges as follows:

**Subject Matter Jurisdiction and Venue**

1.     This case is a civil action arising under the United States Constitution and 42 U.S.C. § 1983, seeking damages and injunctive relief against Defendants for committing acts, under the color of law, with the intent and for the purpose of 1) depriving Plaintiff of rights secured under the Constitution and laws of the United States, 2) retaliating against Plaintiff for the exercise of his free speech rights under the First Amendment, 3) depriving Plaintiff of his procedural due process rights under the Fourteenth Amendment, and 4) inflicting severe emotional distress to Plaintiff.

2.     This Court has arising under jurisdiction and supplemental jurisdiction over the causes of action herein alleged pursuant to 28 U.S.C. §§ 1331, 1343, & 1367. The federal causes of action herein arise under federal law, and the supplementary state law cause of action herein derives from a common nucleus of operative facts as the federal causes of action.

3.     The declaratory, monetary, and injunctive relief sought is authorized by 28 U.S.C. §§ 2201 & 2202, 42 U.S.C. §§ 1983 & 1988, Rule 57 of the Federal Rules of Civil Procedure (hereinafter "F.R.C.P."), and California Civ. Code §§ 3281 & 3294(a).

4.     The Central District of California is the proper venue pursuant to 28 U.S.C §1391(b)(2) because the alleged actions, misconduct, and series of events giving rise to the causes of action set forth herein took place in the County of Orange, California. Evidence and employment records relevant to the allegations are maintained in this judicial district. Defendants' actions were aimed at Plaintiff and Defendants knew that Plaintiff would suffer the harm in the County of Orange, California.

**Parties and Personal Jurisdiction**

5.     Plaintiff is an individual domiciled in the County of Los Angeles, California.

6.     Defendant, CSU, upon information and belief, is a state educational institution with its principle place of business at 401 Golden Shore, 4th Floor, Long Beach, CA 90802. This

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

1  Court has personal jurisdiction over CSU because it is a California state government entity,

2  regularly transacts and solicits business in California, derives substantial revenue from doing

3  business and offering education in California, and has other related activities in California.

4      7.   Defendant, Dr. Unnikrishnan, an individual, upon information and belief, is

5  domiciled in the County of Orange, California. This Court has personal jurisdiction over Dr.

6  Unnikrishnan because he is domiciled and employed in California, derives revenue from

7  working and offering services in California, and has other related activities in California.

8      8.   CSU is legally responsible for Plaintiff's damages because the tortious actions

9  hereinafter alleged of Dr. Unnikrishnan, Dean of the College of Engineering and Computer

10 Science (hereinafter "College of ECS") at the California State University Fullerton

11 (hereinafter "CSUF"), were within the course and scope of his employment as an

12 administrator and department head at CSUF, a state educational institution organized by and

13 under the control of CSU.

14     9.   Defendants are all agents of one another, as they all behave under the control and at

15 the direction of one another.

16

17                          **Statement of the Facts**

18     10.  In 2013, there was a widespread growth throughout the nation in university

19 enrollment in engineering, computer science, and other similar fields.

20     11.  On or about October 20, 2013, Dr. Unnikrishnan was complimented and credited

21 for the enrollment growth in an Electrical Engineering (hereinafter "EE") Department

22 meeting at CSUF.

23     12.  On November 5, 2013, Plaintiff, a tenured full-time faculty member in the EE

24 Department in the College of ECS at CSUF, distributed a memorandum to his colleagues

25 in the College of ECS (see Exhibit A attached hereto). Plaintiff's memorandum outlined

26 the findings of several prominent institutions regarding the enrollment growth in the

27 nation. Plaintiff's memorandum showed that the growth was a national trend and was

28

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

unrelated to Dr. Unnikrishnan's leadership as Dean of the College of ECS. Plaintiff's memorandum advised his colleagues to independently evaluate the facts and documents cited therein and to reach an appropriate conclusion about the cause of the enrollment growth.

13.     Plaintiff's memorandum is of interest to all faculty members of CSUF, students of CSUF, the CSUF itself, and the general public in California because the growth, improvement, and performance of CSUF and the reasons therefor are all matters of substantial public interest.

14.     On November 14, 2013, Dr. Unnikrishnan issued a Reprimand (see Exhibit B attached hereto), which was revised on February 24, 2014 (see Exhibit C attached hereto), and again on June 12, 2014 (see Exhibit D attached hereto). The Reprimands were placed in Plaintiff's official Personnel Action File (hereinafter "PAF").

15.     Issuing the Reprimands was within the course and scope of Dr. Unnikrishnan's employment as an administrator and department head at CSUF. CSUF is organized by and under the control of CSU.

16.     Defendants acted intentionally when Dr. Unnikrishnan issued the Reprimands.

17.     Plaintiff is informed, believes, and thereon alleges that the Reprimands were issued because of Plaintiff's November 5, 2013, memorandum not attributing the enrollment growth to Dr. Unnikrishnan's leadership.

18.     The Reprimands each included false statements.

19.     Plaintiff was given only notice that the Reprimands would be placed in his PAF. Plaintiff was not given a hearing or an opportunity to dispute the Reprimands before they were placed in his PAF.

20.     A reprimand is a form of disciplinary action itself and may also be used as a basis for later and/or further disciplinary action against a faculty member.

21.     On March 8, 2014, Dr. Unnikrishnan completed his evaluation of Plaintiff's Post-Tenure Review (hereinafter "PTR") file (see Exhibit E attached hereto).

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

22.    Dr. Unnikrishnan produced a biased and inaccurate evaluation of Plaintiff's PTR file. Dr. Unnikrishnan's negative evaluation of Plaintiff stands in stark contrast to the positive reviews of the Chair of the EE Department and other faculty members (see Exhibit F attached hereto). As evidenced by statistical data, Dr. Unnikrishnan's positive evaluations of the PTR files of two other EE full-time faculty members are inconsistent with his evaluation of Plaintiff's PTR file.

23.    Evaluations, along with the rest of the PTR file, become a part of the faculty member's official PAF and can be redeemed for examination in the future.

24.    Issuing the evaluation was within the course and scope of Dr. Unnikrishnan's employment as administrator and department head at CSUF.

25.    Defendants acted intentionally when Dr. Unnikrishnan produced the inaccurate evaluation of Plaintiff's PTR file.

26.    Plaintiff is informed, believes, and thereon alleges that Dr. Unnikrishnan produced a biased and inaccurate evaluation as a means of retaliating against Plaintiff for his November 5, 2013, memorandum. Dr. Unnikrishnan's evaluation of Plaintiff's PTR file referenced Dr. Unnikrishnan's first two Reprimands, even though the evaluation period was from Fall 2007 to Spring 2012 and the Reprimands were issued in 2013 and 2014. Dr. Unnikrishnan produced the evaluation just twelve days after issuing the February 24, 2014, Revised Reprimand.

27.    Plaintiff suffers from extreme mental anguish and emotional distress as a result of Defendants' acts. For example, Plaintiff barely sleeps at night because he has serious anxiety about getting up the next morning and dealing with the stressful and hostile situation in his workplace, and has become short-tempered. Plaintiff spends sleepless nights worrying about his reputation and future at CSUF as a result of Defendants' conduct.

28.    Defendants' acts of issuing the Reprimands and producing the inaccurate evaluation have been a direct and proximate cause of Plaintiff's extreme mental anguish and emotional distress.

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

29.     Defendants behaved intentionally, or at least recklessly, in causing extreme mental anguish and emotional distress to Plaintiff.

30.     Plaintiff is entitled to compensatory damages for the violation of his rights and his extreme mental anguish and emotional distress pursuant to 42 U.S.C. § 1983 and California Civ. Code § 3281.

31.     Defendants' acts of issuing the Reprimands and producing the inaccurate evaluation have irreparably harmed Plaintiff. If Dr. Unnikrishnan's Reprimands and evaluation of Plaintiff's PTR file are not enjoined from placement in Plaintiff's PAF and PTR file, respectively, then Defendants will continue to irreparably harm Plaintiff's constitutionally protected rights to free speech and procedural due process.

32.     By reason of Defendants' acts of constitutional infringement, Plaintiff's remedy at law is not adequate to compensate him for the injuries inflicted by Defendants. Accordingly, Plaintiff is entitled to injunctive relief pursuant to 42 U.S.C. § 1983 and F.R.C.P. 57.

33.     Pursuant to California Civ. Code § 3294(a) and 42 U.S.C. § 1983, Plaintiff is entitled to punitive damages because Defendants acted intentionally and with callous disregard for Plaintiff's emotional well-being and clearly established constitutional rights to free speech and procedural due process.

34.     Pursuant to 42 U.S.C. § 1988, Plaintiff is entitled to attorney's fees for the § 1983 violations alleged herein of Defendants.

**First Cause of Action**

<u>Constitutional and Civil Rights Pursuant to 42 U.S.C. §§ 1983, 1988</u>

Violation of First Amendment Right to Free Speech

(Against all Defendants)

35.     Plaintiff incorporates and restates each of the above paragraphs as if fully set forth herein.

6

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

36.     Defendants violated Plaintiff's rights under the First Amendment of the U.S. Constitution when Dr. Unnikrishnan issued Reprimands and a negative evaluation of Plaintiff, as a result of Plaintiff's November 5, 2013, memorandum to the College of ECS about university enrollment growth in the nation.

37.     CSU is legally responsible for Plaintiff's damages because the tortious actions alleged herein of Dr. Unnikrishnan, acting as an agent of CSUF, were within the course and scope of his employment as an administrator and department head at CSUF, a public educational institution organized by and under the control of CSU.

38.     Plaintiff's November 5, 2013, memorandum is speech protected by the First Amendment.

39.     Plaintiff's memorandum was on a matter of public concern.

40.     Plaintiff's free speech right to reflect on academia and the rise thereof within the nation outweighs any interest of the Defendants in suppressing that speech.

41.     Plaintiff's memorandum was not written pursuant to his official duties.

42.     Plaintiff's memorandum did not present knowingly or recklessly false statements.

43.     Dr. Unnikrishnan issued a Reprimand on November 14, 2013. The Reprimand was revised on February 24, 2014, and again on June 12, 2014. The Reprimands were placed in Plaintiff's PAF.

44.     Plaintiff is informed, believes, and hereon alleges that the three Reprimands were substantially, if not completely, motivated by Plaintiff's November 5, 2013, memorandum.

45.     A reasonable person would find these Reprimands materially adverse. A reprimand is placed in the faculty member's PAF and can be used as a basis for later disciplinary action. As such, the Reprimands would dissuade a reasonable person from engaging in protected activity.

46.     The Reprimands each also included false statements.

47.     Issuing the Reprimands was within the course and scope of Dr. Unnikrishnan's employment as administrator and department head at CSUF.

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

48.    Defendants violated Plaintiff's free speech rights when Dr. Unnikrishnan issued the Reprimands.

49.    Defendants acted intentionally and with callous disregard for Plaintiff's constitutionally established right to free speech when Dr. Unnikrishnan issued the Reprimands.

50.    Defendants acted under the color of law when Dr. Unnikrishnan issued the Reprimands.

51.    On March 8, 2014, Dr. Unnikrishnan submitted his evaluation of Plaintiff's PTR file.

52.    Plaintiff is informed, believes, and thereon alleges that Dr. Unnikrishnan produced an inaccurate evaluation in retaliation for Plaintiff's memorandum. Dr. Unnikrishnan's negative evaluation of Plaintiff stands in stark contrast to the positive reviews of other faculty and the Chair of the EE Department. As evidenced by statistical data, Dr. Unnikrishnan's positive evaluations of the PTR files of two other EE full-time faculty members are inconsistent with Dr. Unnikrishnan's negative evaluation of Plaintiff's PTR file.

53.    Defendants violated Plaintiff's free speech rights when Dr. Unnikrishnan reprimanded Plaintiff and produced an inaccurate evaluation in response to the Plaintiff's memorandum.

54.    A reasonable person would have found Dr. Unnikrishnan's evaluation materially adverse because evaluations, along with the rest of the PTR file, are placed in the faculty member's PAF. As such, evaluations become a part of the faculty member's official records and can be redeemed for examination in the future. Dr. Unnikrishnan's actions serve to deter a person of ordinary firmness from continuing to engage in the type of speech that Plaintiff engaged in.

55.    Dr. Unnikrishnan's inaccurate evaluation was substantially, if not completely, motivated by Plaintiff's November 5, 2013, memorandum. Although Plaintiff's PTR

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

1    period was from Fall 2007 to Spring 2012, Dr. Unnikrishnan referred to his first two

2    Reprimands in the evaluation, stating that the Plaintiff's behavior "has not been civil." Dr.

3    Unnikrishnan issued the bias and inaccurate evaluation on March 8, 2014, just twelve days

4    after issuing the Revised Reprimand of February 24, 2014.

5      56.     Defendants' outrageous conduct and violations of Plaintiff's constitutional rights

6    are a direct and proximate cause of the severe and substantial damages suffered by

7    Plaintiff. These damages include litigation expenses, attorney fees, loss of reputation,

8    humiliation, embarrassment, inconvenience, mental and emotional anguish, and distress.

9      57.     Defendants behaved intentionally, or at least recklessly, in causing extreme

10    mental anguish and emotional distress to Plaintiff.

11      58.     Plaintiff is entitled to compensatory damages for his extreme mental anguish and

12    emotional distress pursuant to 42 U.S.C. § 1983.

13      59.     Defendants acted intentionally and with callous disregard in violating Plaintiff's

14    First Amendment right to free speech when Dr. Unnikrishnan produced the inaccurate

15    evaluation.

16      60.     Defendants acted under the color of law when Dr. Unnikrishnan produced the

17    inaccurate evaluation.

18      61.     Defendants' acts have irreparably harmed Plaintiff. If Dr. Unnikrishnan's

19    Reprimands and evaluation of Plaintiff's PTR file are not enjoined from placement in

20    Plaintiff's PAF and PTR file, respectively, then Defendants will continue to irreparably harm

21    Plaintiff's constitutionally protected right to free speech.

22      62.     By reason of Defendants' acts of constitutional infringement, Plaintiff's remedy at

23    law is not adequate to compensate it for the injuries inflicted by Defendants. Accordingly,

24    Plaintiff is entitled to injunctive relief pursuant to 42 U.S.C. § 1983.

25      63.     Pursuant to 42 U.S.C. § 1983, Plaintiff is entitled to punitive damages because

26    Defendants acted intentionally and with callous disregard for Plaintiff's clearly established

27    constitutional right to free speech.

28

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

64.     Pursuant to 42 U.S.C. § 1988(b) and any other applicable provision of law, Plaintiff is entitled to attorney's fees for the Defendants' violation of § 1983.

**Second Cause of Action**

Constitutional Rights Pursuant to 42 U.S.C. §§ 1983, 1988

Violation of Fourteenth Amendment Right to Due Process

(Against all Defendants)

65.     Plaintiff incorporates and restates each of the above paragraphs as if fully set forth herein.

66.     Dr. Unnikrishnan's Reprimands caused a deprivation of liberty and due process rights to Plaintiff. Dr. Unnikrishnan's Reprimands caused Plaintiff to suffer the loss of a significant freedom provided by the Constitution, namely, Plaintiff's First Amendment right to free speech.

67.     Defendants acted under the color of law when Dr. Unnikrishnan issued the Reprimands to Plaintiff.

68.     Defendants' conduct of issuing the Reprimand without a hearing was intentional and reckless.

69.     Defendants' interests are outweighed by Plaintiff's interest and the ability of additional procedures to increase the fact-finding.

70.     Notice of the Reprimands is not sufficient to satisfy procedural due process rights under the Fourteenth Amendment. Reprimands are placed in the faculty member's PAF. Reprimands are a form of disciplinary action themselves, and can also result in later and/or further disciplinary future action. As such, Plaintiff should have had an opportunity to dispute the Reprimands before they were placed in his PAF.

71.     Additional procedures, such as a hearing, would have had the ability to increase the fact-finding. Increased fact-finding would show that the Reprimands would violate Plaintiff's

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

constitutional right to free speech.

72.     Defendants' constitutional violation has been a direct and proximate cause of Plaintiff's extreme mental anguish and emotional distress.

73.     Defendants behaved intentionally, or at least recklessly, in violating Plaintiff's constitutional right to due process.

74.     Plaintiff is entitled to compensatory damages for his extreme mental anguish and emotional distress pursuant to 42 U.S.C. § 1983.

75.     Defendants acted intentionally and with callous disregard in violating Plaintiff's Fourteenth Amendment right to procedural due process.

76.     Defendants' acts have irreparably harmed Plaintiff. If Dr. Unnikrishnan's Reprimands are not enjoined from placement in Plaintiff's PAF, then Defendants will continue to irreparably harm Plaintiff's constitutionally protected right to procedural due process.

77.     By reason of Defendants' acts of constitutional infringement, Plaintiff's remedy at law is not adequate to compensate it for the injuries inflicted by Defendants. Accordingly, Plaintiff is entitled to injunctive relief pursuant to 42 U.S.C. § 1983.

78.     Plaintiff is entitled to punitive damages because Defendants acted intentionally and with callous disregard for Plaintiff's clearly established constitutional right to procedural due process.

79.     Pursuant to 42 U.S.C. § 1988(b) and any other applicable provision of law, Plaintiff is entitled to attorney's fees for the Defendants' violation of 42 U.S.C. § 1983.

**Third Cause of Action**

Intentional Infliction of Emotional Distress

(Against all Defendants)

80.     Plaintiff incorporates and restates each of the above paragraphs as if fully set forth

herein.

81.   Defendants' conduct of issuing the Reprimands and producing the inaccurate evaluation caused Plaintiff to suffer severe mental anguish and emotional distress.

82.   Defendants acted intentionally when Dr. Unnikrishnan issued the Reprimands and produced the inaccurate evaluation.

83.   Dr. Unnikrishnan's conduct of issuing the Reprimands and producing the inaccurate evaluations was extreme and outrageous. A reasonable person would regard Dr. Unnikrishnan's Reprimands as intolerable in a civilized community, particularly in an academic environment where free speech is paramount. Jeopardizing someone's career for circulating a truthful memorandum is extreme and outrageous conduct.

84.   Defendants abused their position of authority when Dr. Unnikrishnan issued the unwarranted Reprimands and inaccurate evaluation to retaliate against Plaintiff. Defendants have abused a relationship that gives them the power to harm Plaintiff's interests.

85.   Plaintiff has suffered severe emotional distress and mental anguish.

86.   Defendants acted intentionally, or at least recklessly, in causing Plaintiff extreme mental anguish and emotional distress.

87.   Defendants knew or reasonably should have known that the Reprimands and a negative evaluation become a part of Plaintiff's PAF and would therefore cause emotional distress to Plaintiff.

88.   Defendants' conduct was a substantial, if not complete, factor in causing Plaintiff's severe emotional distress.

89.   Plaintiff is entitled to compensatory damages for his extreme mental anguish and emotional distress pursuant to California Civ. Code § 3281.

90.   Defendants' acts have irreparably harmed Plaintiff. If Dr. Unnikrishnan's Reprimands are not enjoined from placement in Plaintiff's PAF, then Defendants will continue to irreparably harm Plaintiff.

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

91.     By reason of Defendant's outrageous conduct, Plaintiff's remedy at law is not adequate to compensate it for the injuries inflicted by Defendants. Accordingly, Plaintiff is entitled to injunctive relief.

92.     Pursuant to California Civ. Code § 3294(a), Plaintiff is entitled to punitive damages because Defendants acted intentionally and with callous disregard for Plaintiff's emotional well-being when Defendants behaved outrageously.

**Prayer for Relief**

**Therefore,** Plaintiff respectfully requests judgment against Defendants as follows:

1.     For appropriate declaratory relief regarding the unlawful and unconstitutional acts and practices of Defendants, including, but not limited to, findings that: 1) Defendants deprived Plaintiff of rights secured under the Constitution and laws of the United States; 2) Defendants retaliated against Plaintiff for the exercise of his free speech rights under the First Amendment; 3) Defendants deprived Plaintiff of his procedural due process rights under the Fourteenth Amendment; and 4) Defendants inflicted severe emotional distress to Plaintiff.

2.     That Plaintiff be awarded compensatory damages in an amount determined by the jury, but not more than $2,000,000 (two million);

3.     That Plaintiff be awarded exemplary or punitive damages in an amount determined by the jury, but not more than $3,000,000 (three million);

4.     That this Court issue a Permanent Injunction enjoining and restraining Defendants and their respective agents, servants, employees, successors, and assigns, and all other persons affiliated with or acting in concert or in conspiracy with Defendants, from placing Dr. Unnikrishnan's November 14, 2013, Reprimand, February 24, 2014, Revised Reprimand, and June 12, 2014, Revised Reprimand in Plaintiff's PAF and from placing Dr. Unnikrishnan's March 8, 2014, evaluation in Plaintiff's PTR file;

5.     That this Court award Plaintiff his reasonable attorney's fees pursuant to 42 U.S.C § 1988(b), and any other applicable provision of law;

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

6.      That this Court award Plaintiff his costs of suit incurred herein; and

7.      That Plaintiff be awarded such other relief as may be appropriate.

DATED: 7/28/2014                    **LegalAxxis, Inc.**


BY:        /s/  Nazgole Hashemi

NAZGOLE HASHEMI

Attorney for Plaintiff


**Demand for Jury Trial**

Plaintiff hereby demands a jury trial of each and every cause of action and issue in this case.

DATED: 7/28/2014                    **LegalAxxis, Inc.**


BY:        /s/  Nazgole Hashemi

NAZGOLE HASHEMI

Attorney for Plaintiff

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**